1　Soheyl Tahsildoost (Bar No. 271294)
2　Mehgan Gallagher (Bar No. 338699)
　　THETA LAW FIRM, LLP
3　15901 Hawthorne Blvd., Suite 270
　　Lawndale, CA 90260
4　Telephone: (424) 297-3103
　　Facsimile: (424) 286-2244
　　eservice@thetafirn.com
5
　　Attorneys for defendant Mercedes-Benz USA, LLC
6

7

8　　　　　　　　　UNITED STATES DISTRICT COURT

9　　　　　　　　　CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11　JOSIE LOPEZ, an individual, | ) Case No.: 2:21-cv-04114-JFW (AGRx) |
| | ) |
| 12　　　　　Plaintiff, | ) **DEFENDANT MERCEDES-BENZ** |
| | ) **USA, LLC'S OPPOSITION TO** |
| 13　　　vs. | ) **PLAINTIFF'S MOTION FOR** |
| | ) **ATTORNEY'S FEES, COSTS AND** |
| 14　MERCEDES-BENZ USA, LLC, A | ) **EXPENSES** |
| 　　Delaware Limited Liability | ) |
| 15　Company; and DOES 1 through 20, | ) |
| 　　inclusive, | ) Judge: Hon. John F. Walter |
| 16　 | ) Dept.: 7A |
| 　　　　　Defendants. | ) Date: May 16, 2022 |
| 17　 | ) Time: 1:30 p.m. |
| 18　 | ) Complaint Filed: April 9, 2021 |
| 19　 | ) |
| 20　 | ) |
| 21　 | ) |

TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEYS OF

RECORD:

　　　Defendant Mercedes-Benz USA, LLC ("MBUSA") submits the following

opposition to Plaintiff's Motion for Attorney's Fees, Costs and Expenses

("Motion").

///

///

---

1

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

# <u>TABLE OF CONTENTS</u>

1.   INTRODUCTION ........................................................................................................ 2

2.   STATEMENT OF FACTS .......................................................................................... 3

3.   THIS COURT HAS SUBSTANTIAL DISCRETION IN RULING ON THIS MOTION
     ...................................................................................................................................... 4

4.   ARGUMENT ............................................................................................................... 6

     A.  Plaintiff's Counsel's Fee Demand is Unreasonable ............................................ 6

          i.   Plaintiff's Claimed Fees Are Not Properly Unsupported ................................ 8

          ii.  Plaintiff's Billing Entries Are Exaggerated and Duplicative ......................... 9

          iii. Plaintiff's Counsel's Hourly Rates are Excessive and Unjustified and this Court
               Should Reduce Plaintiff's Inflated Fee Demand ................................................ 15

     B.  A Lodestar Multiplier is Unwarranted in this Case ........................................... 21

5.   DEFENDANT'S PROPOSAL FOR RULING ON PLAINTIFF'S MOTION ........... 22

6.   CONCLUSION ........................................................................................................... 23

i

## TABLE OF AUTHORITIES

**CASES**                                                                   **PAGE NO.**

*Arias v. Ford Motor Company,*
    No. 5:18-cv-1928-PSG-(SPx), at *8 (C.D. Cal. Jan. 27, 2020) ................................. 8

*Base v. FCA US LLC,*
    No. 17-CV-01532-JCS 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020)............................ 7

*Donahue v. Donahue,*
    182 Cal.App.4th 259, 271 (2010)........................................................................ 18

*Escriba v. Foster Poultry Farms, Inc.,*
    743 F.3d 1236, 1249 (9th Cir. 2014)................................................................... 22

*Fernando Cervantes v. Hyundai Motor America*, Riverside Court Case No.
RIC2000055......................................................................................................20

*Gates v. Deukmejian,*
    (9th Cir. 1992) 987 F.2d 1392, 1400 ……………………………………………………….4

*Garcia v. FCA US LLC,*
    No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *5 (E.D. Cal. Mar. 7, 2018)...................... 8

*Garcia v. Mercedes Benz, LLC*
    21 Cal.App.5th 1259 ...................................................................................... 6

*Gorman v. Tassajara Development Corp*
    (2009) 178 Cal.App.4th 44,101 ...................................................................... 5,7

*Gonzalez v. City of Maywood,*
    729 F.3d 1196, 1203 (9th Cir. 2013)……………………………………………………...18

*Hall v. Bolger,*
    (9th Cir.1985) 768 F.2d 1148, 1151 ……………………………………………………….4

*Hall v. FCA US LLC,*
    No. 1:16-cv-0684-JLT, 2018WL 2298431, at *5–6 (E.D. Cal. May 21, 2018)………………..7

*Hensley v. Eckerhart,*
    (1983)461 U.S. 424, 437   ……………………………………………………………….4

*Hiken v. Dep't of Def.,*
    836 F.3d 1037, 1044 (9th Cir. 2016) ............................................................... 18

*Ingram v. Oroudijan,*
    647 F.3d 925, 928 (9th Cir. 2011) .................................................................. 18

*Jones v. Dumrichof*
    (1998) 63 Cal.App.4th 1258,1265 ................................................................ 5,7

*Ketchum v. Moses*
    (2001) 24 Cal.4th 1122 ........................................................................... 4,6,18

*Leinberger v. Keystone RV Co.*
    (2015) CA 4/3................................................................................................ 6

*Levy v. Toyota Motor Sales, U.S.A., Inc.*
    (1992) 4 Cal.App.4th 807 ........................................................................... 5,17

*Luna v. FCA US LLC*, et al, Case No.
    5:20-663 JGB (SHKx), C.D. Cal. Oct. 13, 2021)............................................... 8,21

*McKenzie v. Ford Motor Company,* \
    38 Cal.App.4th 695, 703 (2015)................................................................ 17,21

*Mikaeilpoor v. BMW of North America, LLC,*
    48 Cal.App.5th 240, 254 (2020).................................................................. 17

*Morris v. Hyundai Motor America*
   (2019) 41 Cal.App.5th 24, 38-40 ........................................................................ 18

*Nightingale v. Hyundai Motor America*
   (1994) 31 Cal.App.4th 99, 104 ................................................................... 4,6,18

*Pollard v. FCA US LLC,*
   Case No. 8:17-cv-00591-JLS, 2020 WL 57270, *7 (C.D. Cal. Jan. 3, 2020) ........................ 22

*Quesada. V. FCA US LLC*, Los Angeles Case No.702487 ..................................... 21

*Self v. FCA US LLC,*
   No. 1:17-cv-01107-SKO, 2019 WL1994459, at *4–5 (E.D. Cal. May 6, 2019) ...................... 7

*Serrano v. Unruh*
   (1982) 32 Cal.3d 621, 635 ....................................................................... 5-7

Serrano v. Priest,
   (1977)20 Cal.3d 25, 49 ............................................................................ 22

*Weeks v. Baker & McKenzie*
   (1998) 63 Cal.App.4th 1128, 1174 ................................................................. 21

*Welch v. Metro. Life Ins. Co,*
   480 F.3d 942, 945 (9th Cir. 2007)……………………………………………………..18

*Zargarian v. BMW of North America, LLC,*
   442 F.Supp.3d 1216, 1231 (C.D. Cal. 2020)……………………………………………22

## STATUTES                                              __PAGE NO.__

Civil Code § 1794 ........................................................................... 4,6,22,23

**OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES**

## 1.    INTRODUCTION

Plaintiff's Counsel, The Barry Law Firm (or "Plaintiff's Counsel") brings this Motion seeking to recover tens of thousands of dollars in attorney's fees, costs and expenses that Plaintiff's Counsel is not entitled to under applicable law.  From its inception, this case was never about Plaintiff recovering for a defective vehicle or consumer protection, but rather Plaintiff's Counsel's recovery of attorney's fees. Plaintiff's Counsel engages in hyper-aggressive litigation throughout California, filing hundreds of cases a year in what amounts to copy-paste litigation all in an effort to drive up attorney's fees.

The reason that lemon law cases such as this one are being filed in record numbers in courts across the state, is solely due to the fact that firms like The Barry Law Firm see the Song-Beverly Consumer Warranty Act's fee shifting provision as an easy way to collect attorney's fees that far exceed the actual time and effort spent on cases. To reward Plaintiff's Counsel with exorbitant attorney's fees where the applicable law clearly bars such recovery, would signal to The Barry Law Firm and firms like them that the pattern and practice of abusing the Song-Beverly Act's fee-shifting provision is acceptable at best, and encouraged at worst.

Plaintiff's request for $53,231.58 in fees, costs, and expenses. should be denied or significantly reduced because the fees sought are unreasonable and the work purportedly performed was unnecessary in this routine lemon law case. Courts analyzing fee requests for similarly routine consumer litigation matters have reduced Plaintiff's Counsel's hourly rates to comport with the reasonable hourly rates for comparable consumer work in the community, cut unreasonable hours and declined to award a lodestar multiplier. This case is no different.

Courts have broad discretion to reduce fees. Under the Song-Beverly Act, if the time expended or the charge for time expended are not reasonable under all circumstances, then the trial court must take that into account and reduce the fee

2

award. Recently, courts have become increasingly frustrated with avaricious attempts by plaintiffs to extort high fees in routine Song-Beverly Act cases such as this, especially when they are obviously unwarranted. Plaintiff's Motion seeks reimbursement for 122.4 hours despite the modest litigation efforts in this case. This case entailed routine written discovery, no pleading challenges, a legal vehicle inspection, and two straightforward depositions.  Given the simplicity of Plaintiff's lawsuit, the amount (and time) charged by her attorneys is not reasonable under the circumstances. Moreover, while Plaintiff's Counsel touts his "expertise and knowledge" in achieving a buyback, the settlement in this case actually demonstrates the routine nature of these types of cases where the only skill turns on one's ability to use the threat of attorney's fees to drive up the value.  A lodestar reduction is appropriate because Plaintiff's Counsel's fee demand is not commensurate with the work performed, as this case did not involve any novel or complex issues, and because numerous entries that Plaintiff's Counsel presents are inflated and even included without actually being incurred. Plaintiff's Counsel was able to (and did) represent hundreds of other plaintiffs while litigating this case. Defendant MBUSA is requesting that this Court assert its vested authority to curb this distorted trend of filing motions seeking extortionate attorneys' fees. Moreover, Plaintiff's Motion is deficient and does not comply with the Local 7-3 which requires the *notice* to declare that the motion is made following the conference of counsel pursuant to L.R. 7-3; however, this statement is nowhere to be found in Plaintiff's notice of motion, only in the motion, despite having several opportunities to conform, and on that basis alone, this Motion should be stricken in its entirety.

## 2.    STATEMENT OF FACTS

Plaintiff Josie Lopez ("Plaintiff") filed this action on April 9, 2021 in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act against Defendant MBUSA arising from Plaintiff's lease of a 2019 Mercedes-Benz GLC350E4 ("Subject Vehicle"). (Gallagher Decl. ¶ 2.) On May 17,

3

2021, MBUSA removed this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. See Notice of Removal, (ECF Dkt. No. 1) (Gallagher Decl. ¶ 3.). Following removal, this case was litigated just as any other simple lemon law case is. There were no pleading challenges. The parties proceeded with routine, template discovery. Plaintiff Josie Lopez was deposed as well as MBUSA's Person Most Qualified ("PMQ") and a legal vehicle inspection was conducted. There was nothing extraordinary about this case or the facts. (*Id.* ¶ 4.) Following mediation, the parties reached a settlement and the settlement agreement was executed by Plaintiff on April 5, 2022. (*Id.* ¶ 5.) Lemon law cases are simple and straightforward, with record numbers of them being filed in courts across the state. (*Id*. ¶ 35.) Defendant would request the Court review the reasonableness of the fees claimed here and significantly reduce them in what was a very simple and straightforward garden variety lemon law case that required little work beyond basic lemon law litigation.

### 3. THIS COURT HAS SUBSTANTIAL DISCRETION IN RULING ON THIS MOTION

The District Court has broad discretion to determine a reasonable award of attorney's fees, and must provide "a concise but clear explanation of its reasons for the fee award." *Hensley v.Eckerhart*, 461 U.S. 424, 437 (1983); *see also Hall v. Bolger,* 768 F.2d 1148, 1151 (9th Cir.1985) (the court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). However, a court is under no obligation to "make findings as to each of defendants' specific objections." *Gates v. Deukmejian,* 987 F.2d 1392, 1400 (9th Cir. 1992). This Court has substantial discretion to further reduce Plaintiff's claimed fees. The law is clear that the right of a prevailing lemon law plaintiff to recover fees is far from unlimited. The Song-Beverly Act allows a prevailing plaintiff to recover attorney's fees based on actual time expended, determined by the court to have been *reasonably* incurred." Cal. Civ. Code § 1794(d). (Emphasis added). In determining the reasonableness of a request, "trial courts <u>must carefully review attorney documentation of hours</u>

4

expended." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (Emphasis added).) A plaintiff has the burden of proof to demonstrate that fees are actually incurred and are reasonable. *Nightingale v. Mercedes-Benz USA LLC*, 31 Cal.App.4th 99, 104-105 (1994) [holding that the "lemon law" requires Court to determine the actual amount of fees incurred by the plaintiff and then to determine whether the time and rate are reasonable in light of the case].) Furthermore, regardless of whether an itemized bill is submitted, once the requested attorney's fees are objected to, the burden shifts back to the moving party to prove that the fees were reasonable and necessary. *Jones v. Dumrichob*, 63 Cal.App.4th 1258, 1265 (1998). "To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchum*, 24 Cal. 4th at 1138.

A reduced award would be justified by a general observation that an attorney over-litigated a case or submitted a padded bill or that the opposing party has stated valid objections. *Gorman v. Tassajara Development Corp.*, 178 Cal.App.4th 44, 101 (2009). Moreover, an award of attorney's fees is not mandatory, even where a plaintiff obtains a judgment. In *Serrano v. Unruh*, the California's Supreme Court held that courts have discretion to deny fees altogether if faced with an unreasonable fee request. *Serrano v. Unruh*. 32 Cal.3d 621, 635 (1982).

*Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal.App.4th 807 (1992), provides useful guidance for resolving Plaintiff's claim in this case. In *Levy*, the plaintiff was awarded a judgment of $22,000 under the Song-Beverly Act for defective brakes. The plaintiff's attorney then moved for $134,000 in fees. The trial court noted that it was inconceivable that plaintiff would agree to pay his attorney $134,000 in fees on a $22,000 judgment. The Court found that plaintiff's counsel had taken advantage of the one-sided nature of the fee statute, and awarded fees of $30,000, in a case that went through trial. The Court of Appeal upheld the substantial discretion and authority of a trial court to make a large reduction, finding that:

> There is a growing practice in this community of which I am aware, for attorneys to take advantage of cases in which attorney's fees are permitted by statute. In those cases, there is a growing practice for attorney's to exaggerate the amount of their fees, because they realize they are going to be awarded attorney's fees. (*Id*. at 812.)

Numerous courts throughout the state have reached decisions in line with *Levy* reducing claimed attorneys' fees on the basis said fees were not actually incurred, were not reasonably incurred, and/or the claimed rates were excessive. *Garcia v. Mercedes Benz, LLC* 21 Cal.App.5th 1259 [holding that no attorney's fees warranted even where plaintiff received a buyback.]; *Leinberger v. Keystone RV Co.*, CA 4/3 (2015) [upholding 50% reduction in plaintiff's claimed fees].)

The pattern and practice of abusing the statutory attorney's fees provisions identified in *Levy* drives up the costs of litigation, and wastes the resources and time of the court and parties. This was a run-of-the-mill lemon law case with only routine legal work and yet Plaintiff's counsel somehow managed to allegedly incur over **$53,000** in attorney's fees and costs. There was only templated, form discovery and two routine depositions and a vehicle inspection. As discussed in greater detail below, Plaintiff's Counsel's claimed fees in this case are grossly exaggerated and Plaintiff has not met her burden in demonstrating these claimed fees are reasonable. Because Plaintiff has failed to meet this burden, MBUSA requests that this entire fee motion be denied. *Serrano, supra* at 635; *Ketchum*, 24 Cal. 4th at 1138. Alternatively, as set forth above, MBUSA asks that Plaintiff's claimed fees be significantly reduced, to, at most, **$18,225.00**

## 4.    ARGUMENT

### A.    Plaintiff's Counsel's Fee Demand is Unreasonable

Plaintiff's claimed fees are unreasonable and exaggerated. The Song-Beverly Act provides for the recovery of "costs and expenses, including attorney's fees based on <u>actual time expended</u>, determined by the court to have been <u>reasonably incurred</u> by the buyer . . ." Civil Code § 1794(d) (emphasis added). ). In determining the reasonableness of a request, "trial courts <u>must carefully review attorney</u>

6

documentation of hours expended." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (emphasis added).) A plaintiff has the burden of proof to demonstrate that fees are actually incurred and are reasonable. *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 104-105 (1994) [holding that the "lemon law" requires Court to determine the actual amount of fees incurred by the plaintiff and then to determine whether the time and rate are reasonable in light of the case].) Regardless of whether an itemized bill is submitted, once the requested attorney's fees are objected to, the burden shifts back to the moving party to prove that the fees were reasonable and necessary. *Jones v. Dumrichof,* 63 Cal.App.4th 1258, 1265 (1998). A reduced award would be justified by a general observation that an attorney over-litigated a case or submitted a padded bill or that the opposing party has stated valid objections. *Gorman v. Tassajara Development Corp.*,178 Cal.App.4th 44, 101 (2009). An award of attorney's fees is not mandatory, even where a plaintiff obtains a judgment. In *Serrano v. Unruh,* the California's Supreme Court held that courts have discretion to deny fees altogether if faced with an unreasonable fee request. *Serrano v. Unruh* 32 Cal.3d 621, 635 (1982).

As a threshold matter, it is Plaintiff's burden to establish that the rates sought for the six different attorney timekeepers is reasonable. Plaintiff seeks reimbursement for rates up to $600 for partners and up to $500 for associates. However, Plaintiff failed to present evidence that these hourly rates are reasonable within the Central District of California. In fact, the only case Plaintiff's Counsel cites to in this district is *Manzano v. FCA US, LLC,* Case No. 2:18-cv-03360-JFW wherein Mr. Barry's hourly rate of $475 was approved. (See Barry Decl. ¶ 52.) The must determine whether the hourly rates requested by counsel are reasonable for this district. S*ee Base v. FCA US LLC,* No. 17-CV-01532-JCS 2020 WL 363006, at *4 (N.D. Cal. Jan. 22, 2020); *Self v. FCA US LLC,* No. 1:17-cv-01107-SKO, 2019 WL1994459, at *4–5 (E.D. Cal. May 6, 2019); *Hall v. FCA US LLC,* No. 1:16-cv-0684-JLT, 2018WL 2298431, at *5–6 (E.D. Cal. May 21, 2018). These courts have

7

stated that the "relevant community" in determining a prevailing market rate is the forum in which the district court sits and have then analyzed whether the rates requested by counsel are reasonable in light of rates paid to attorneys of similar skill and experience in the forum district. *See, e.g., Self*, 2019 WL1994459, at *4–6.; *Garcia v. FCA US LLC*, No. 1:16-CV-0730-JLT, 2018 WL 1184949, at *5 (E.D. Cal. Mar. 7, 2018). In *Garcia*, a similar case involving different counsel, the Court ruled that the plaintiff's counsel's rates ranging from $250 to $500 were not reasonable within the Eastern District and reduced the rates to between $175 and $300 per hour depending on experience. Id. at *6. Similarly, the District Court for the Central District of California recently reduced the hourly rates for the plaintiff's counsel to $325 per hour for partners, $225 per hour for associates and $200 per hour for paralegals, which it ruled were the reasonable rates for consumer work within the Los Angeles County market. *See Arias v. Ford Motor Company,* No. 5:18-cv-1928-PSG-(SPx), at *8 (C.D. Cal. Jan. 27, 2020).  The Court in *Luna v. FCA US LLC*, et al, Case No. 5:20-663 JGB (SHKx), C.D. Cal. Oct. 13, 2021), a case involving The Barry Law Firm, found that the reasonable billing rate for associates is $200 and Mr. Barry's rate was significantly reduced to $475 an hour. (Ex DD.) This Court should similarly rule that Plaintiff's Counsel's hours are not reasonable within the community and reduce the hourly rate to accord with the rulings in *Manzo*, *Garcia*, *Arias,* and *Luna*.

In this case specifically, (1) Plaintiff's Counsel's time entries are unsupported by proof, (2) the entries are exaggerated, duplicative, and inaccurate, and (3) the hourly rates are inflated. MBUSA discusses this unreasonable and unnecessary billing in greater detail below and also in Exhibit C to the Declaration of Mehgan Gallagher, which is a spreadsheet setting forth MBUSA's objections to and positions on Plaintiff's Counsel's billing, addressing every billing entry made and recommending a reasonable adjustment for each.

### i.    Plaintiff's Claimed Fees Are Not Properly Supported

Plaintiff's Motion offers hearsay declarations of attorneys who have not been involved in the litigation of this case, including the declaration of Hallen D. Rosner, which sets forth conclusory statements about what other "experts" charge without any proof of these rates or the nature of the cases and communities in which these exorbitant fees are charged.  Moreover, the declarations of Plaintiff's Counsel set forth unpublished, nonbinding opinions of other courts without any information describing the context in which those fees were awarded (if they were awarded at all).  Lastly, Plaintiff fails to provide declarations detailing the work actually performed for the 122.4 hours billed by the attorneys whose time Plaintiff seeks to recover. Plaintiff's only evidence for the hours and of their rates is based on hearsay and lacks foundation and is therefore unsupported in this motion and should be denied.

Plaintiff's Counsel's invoices also contain entries for work that was arguably not performed, not recoverable, and consist entirely of pre-litigation work. Specifically, as detailed below, Plaintiff's Counsel's invoice contains entries of **1.9 hours** for a total of **$997.50** of pre-litigation work that is not recoverable.  Moreover, Plaintiff's Counsel Andrew Matera, despite being the attorney who handled a majority of the litigation in this case, billed **12.2 hours** alone for a total of **$4,024** to *simply review the file and/or federal rules*, almost always when no further action was taken on the case and when he had recently completed a task (or in anticipation) of a task that he also billed for.  Plaintiff's Counsel also billed **9.5 hours** for a total of **$5,700 for anticipated work** on this instant Motion, including reviewing MBUSA's Opposition that Plaintiff's Counsel has not yet received, drafting a reply, and preparing for, traveling to and from, and attending the anticipated hearing.  None of this is recoverable.

### ii.    Plaintiff's Billing Entries Are Exaggerated and Duplicative

The invoices submitted by Plaintiff in support of claimed attorney's fees are littered with unreasonable, exaggerated and duplicative time entries.  Plaintiff's

9

alleged attorney time is excessive throughout the case, largely as a result of Plaintiff's Counsel billing for what they believe the value of an assignment to be and not for the actual time spent, a practice known as "value billing." Plaintiff's attorneys billed 122.4 hours at $290.00 to $600.00 per hour for formulaic pleadings and discovery. This Court should not reimburse Plaintiff for excessive time spent on routine tasks, or fees that were not reasonable incurred or necessary to the litigation. Again, Exhibit C to the Gallagher Declaration discusses each of Plaintiff's time entries and MBUSA's objections to and positions on Plaintiff's Counsel's billing with adjustments for each. Most entries are inflated as described in the chart, but the following is a sampling of some of the most egregious examples of Plaintiff's Counsel's overreaching:

**Pre-litigation Work**

- **0.9 hours ($472.50) for initial communication with client, 0.3 hours ($157.50) to respond to email correspondence with client, and 0.5 hours ($262.50) for a further call with client to discuss case.**

As discussed above, these entries consist of non-recoverable pre-litigation work. Furthermore, Plaintiff's Counsel claims in every fee motion that its principal, David Barry, personally conducts the initial consultation with plaintiff and drafts representation agreements. This is impossible since, as detailed above, The Barry Law Firm files hundreds of cases every year. If Mr. Barry actually handled the intake for each and every case his firm files, he would have billed over 2,000 hours in a less than two-year span solely on client intake.

**Preparation For Events That Did Not Occur**

There are several entries where Plaintiff's Counsel improperly billed for preparation or attendance despite the fact that Counsel *knew well beforehand* said events were not taking place.

- **June 28, 2021**: 1.0 hours (60 minutes) to review the file to prepare for a motion to compel arbitration.

This is improper bill padding and is impossible. The ***motion to compel was***

10

*denied 4 days prior* so there is no need to prepare for a hearing that has already been taken off-calendar (ECF Dkt 17; Gallagher Decl. ¶ 9.)

- **January 3, 2022**: **1.8 hours to review the file (yet again) and prepare for the deposition of Mr. Conover**, dealership personnel.

Plaintiff's Counsel then billed **0.6 hours to appear for the deposition**, despite the fact that the *deposition never occurred and Plaintiff's Counsel was informed of this weeks in advance*. There is clearly an example of bill-padding. This deposition was never going forward. Plaintiff's Counsel had already received objections to the subpoena and an email from Mr. Conover's attorney that the deposition was not proceeding several days earlier. Thus, having the handling attorney review the file (again) and prepare for a deposition Counsel knew wasn't proceeding is a clear attempt to bill up the file. (*Id.* ¶ 28, Exs U-V.)

**Phantom Billing/Work Completed By Paralegals But Billed by Attorneys**

On at least two occasions, Plaintiff's Counsel attempted to bill for emails that do not exist, or at the very least, were drafted by the firm's paralegal, yet Counsel attempted to bill for them at attorneys' hourly rates. On another occasion, Plaintiff's Counsel attempted to bill for a template letter that was clearly drafted by a paralegal. On another instance, Counsel billed to review document production that was never served.

- **October 5, 2021**: Mr. Matera billed **0.1 hours (6 minutes) to allegedly "Respond to email correspondence from MBUSA and confirm date and time for telephonic meet and confer."**

Undersigned does not have an email from Mr. Matera on that date. Undersigned received an *email from Counsel's paralegal regarding same*. Mr. Matera is copied on this email. Mr. Matera cannot bill for sending an email he did not send. (*Id.* ¶ 23, Ex Q.)

- **February 22, 2022**: Mr. Matera billed **0.2 hours (12 minutes) to allegedly draft a follow up email to defense counsel.**

Undersigned does not have an email from Mr. Matera on that date. Undersigned received an *email from Counsel's paralegal* regarding same. Mr. Matera is copied

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

on this email. Again, Mr. Matera cannot bill for sending an email he did not send. (*Id.* ¶ 32, Ex Y.)

- **July 7 2021**: Mr. Matera billed **0.3 hours (18 minutes) to draft a notice of deposition of MBUSA's PMQ and 0.1 hours (6 minutes) to draft an accompanying letter**.

These are template notices sent in almost every one of Plaintiff's Counsel's cases. Such form notices can easily be drafted in under 10 minutes. Notably, Plaintiff's Counsel also billed an **additional 0.1 hours (6 minutes) to draft the template letter accompanying the notice.** These form notices are served on Defense Counsel in other similar cases. Furthermore, while Attorney Matera billed .01 hours to draft the letter and 0.3 hours to draft the accompanying notice of deposition, there is no indication Mr. Matera drafted this letter as it is signed by Mr. Barry and has the following initials at the bottom: "DNB/jd" which is standard law firm practice indicating a paralegal or other office person drafted the letter and signed on behalf of Mr. Barry. Since this letter was drafted by office staff it is not billable. This is a clear example of bill padding. (*Id.* ¶ 13, Exs E1-E3.)

- **November 22, 2021 0.5 hours (30 minutes) to review MBUSA's supplemental document production**.

Based on Undersigned's review of the file, there was no supplemental production served on or around this date. MBUSA served its initial disclosures on July 16, 2021 MBUSA served further document production on December 14, 2021. (*Id.* ¶ 25.)

## Exaggerated Billing

There are several exaggerated emails that Plaintiff's Counsel billed anywhere from 0.3 to 0.7 hours to draft and/or review simple emails. There are also several instances where the parties engaged in telephonic conferences yet Plaintiff's Counsel billed more for the same call than Defense Counsel.

- **June 28, 2021: 0.7 hours (42 minutes) to review a 3-line email** regarding setting up a call with Defense Counsel and allegedly to "review Federal 26F and review file."

This is improper block-billing as there are at least 3 different categories of tasks

on this one entry.  Further, it is unclear what is meant by "review Federal 26F".  Does Plaintiff's Counsel mean to review the 26(f) report because there was no report drafted at this time, nor was a copy sent. In fact, it was drafted (and billed for) weeks later on July 6, 2021.  This was an email exchange to discuss the report that would later be drafted.  Moreover, "review file" is again duplicative as there is no indication there was any action taken so there is no need to review the file, and there is also no need for an attorney to review the file again to take no action. Plaintiff's Counsel did not even respond to the email. (*Id.* ¶ 10, Ex D.)

- **September 17, 2021: 0.2 hours (12 minutes) to review an email from Defense Counsel re MBUSA's PMK availability.**  This email a 2-line email that stated:

> MBUSA can provide the following date for the deposition of MBUSA's PMK.
> January 20, 2022.

At most this took 5 minutes total. (*Id.* ¶ 18, Ex K.) This is a clear example of bill padding.

- **October 13, 2021: 0.3 hour (18 minutes) to exchange emails to set up a telephonic meet and confer.**

Plaintiff's Counsel sent a *2-sentence email* to schedule a call.  Defense Counsel responded with a *1-line response* and Plaintiff's Counsel confirmed the time.  At most this took 5 minutes total.  (*Id.* ¶ 24, Ex R.)  This is a clear example of bill padding.

- **January 6, 2022: 0.3 hours (18 minutes) to "send email to OC re court ordered meet and confer.**"

The email only contained 2 sentences.  At most this took 5 minutes to draft.  (*Id.* ¶ 29, Ex W.)  This is a clear example of bill padding.

**Template/Form Pleadings**

- **July 7 2021:1.5 hours (90 minutes) to draft template requests for admission, 1.2 hours (72 minutes) to draft template requests for production of documents, and 0.3 hours (18 minutes) to draft form interrogatories**.

These are template discovery requests sent in almost all of Plaintiff's Counsel's

13

cases. The only information that changes is basic information such as vehicle, VIN, dealer and location how many times the same requests for production are repeated to cover each alleged defect.  This takes at most, 15 minutes for staff to prepare. (*Id.* ¶ 14, Exs F-G.) This is a clear example of bill padding.

- **August 6, 2021: 0.4 hours (24 minutes) to draft a template meet and confer letter** regarding MBUSA's objections to Plaintiff's notice of deposition of MBUSA's PMQ.

These are template letters sent in almost all of Plaintiff's Counsel's cases with almost no customization except for the date and case name and number.  Such form letters can easily be drafted in under 10 minutes. (*Id.* ¶ 16, Exs H-I.) This is a clear example of bill padding.

- **August 26, 2021:  0.8 (48 minutes) hours to draft a half page template meet and confer letter** regarding MBUSA's objection-only discovery responses.

At best this letter took 10 minutes to draft.  (*Id.* ¶ 17, Ex J.) This is a clear example of bill padding.

- **September 28, 2021: 2.0 hours (120 minutes) to draft a template meet and confer letter** regarding MBUSA's discovery responses.

These are template letters sent in almost every one of Plaintiff's Counsel's cases with very little customization (*See* Exs N-O).  Such form letters can easily be drafted in an hour at most.  (*Id.* ¶ 21, Exs N-O.) This is a clear example of bill padding.

- **September 29, 2021: 0.5 hour (30 minutes) to draft a joint agenda re discovery conference.**

Plaintiff's Counsel then billed an additional **0.4 hours (24 minutes)** that same day to review MBUSA's nominal edits and make minor edits to the report. Plaintiff's Counsel then billed another **0.3 hours (18 minutes)** that same day to again review the same joint report and attach a signature.  This is a total of **72 minutes** to draft a ***non-substantive 1-page document.***  In fact, Plaintiff's portion was originally ***4 sentences simply listing the discovery items in dispute.***  At most this took 20 minutes total.   Further, there were minimal edits done after Defense Counsel added its portion.  (*Id.* ¶ 22, Ex P.) This is a clear example of bill padding.

- **November 29, 2021: 0.3 hours (18 minutes) to draft an amended notice of deposition of MBUSA's PMQ**.

The amended notice is an exact duplicate of the previous notice with only the dates changed.  At most this took 5 minutes. (*Id.* ¶ 26, Exs S, E1.) This is a clear example of bill padding.

- **January 14, 2022: 0.5 hours (30 minutes) to draft a revised request for production**.

The revised request has one (1) request which was slightly modified from the previous version.  At the most, this took 5 minutes to draft. (*Id.* ¶ 31, Ex X.) This is a clear example of bill padding.

- **March 20, 2022: 0.7 hours (42 minutes) to draft a barely half page template letter** containing no substance and simply requesting dates to meet and confer.

Based on this letter, at most, it could have taken 5 minutes to draft. (*Id.* ¶ 33, Ex Z.) This is a clear example of bill padding.

**Improper Billing for Overhead Such as File Review or Review of Federal Rules and/or Planning**

Mr. Matera, despite being the attorney who handled a majority of the litigation in this case, billed **12.2 hours** alone for a total of **$4,024** to *simply review the file and/or federal rules*, over and over again.  Often times, there was no action taken on the file aside from the review, and often he had just reviewed the file a day or two before.  Defendant should not be expected to pay Plaintiff's Counsel to review the file over and over again and to learn the Federal Rules of Procedure.  This is not proper and is firm overhead if anything and is not recoverable.

- **September 20, 2021: 0.4 hours**
  - Review file re response from MBUSA re PMK depo dates and plan next steps to pursue IDC
- **September 22, 2021: 0.2 hours:**
  - Review file re IDC agenda and availability to M&C re IDC
- **September 28, 2021: 0.5 hours:**
  - Review file to prep for M&C re discovery conference (he did not attend IDC)
- **October 4, 2021: 0.1 hours:**
  - Review file re next steps in discovery and plan to M&C re outstanding

15

discovery responses, doc production, and new date for PMK

- **October 13, 2021: 1.5 hours:**
  - Review file in prep of M&C re all discovery issues
- **December 1, 2021: 0.1 hours:**
  - Review file re status of discovery and next steps
- **December 3, 2021: 1.0 hours:**
  - Review file in prep of M&C re MBUSA's supp discovery responses and doc prod and depo of PMK
- **December 7, 2021: 0.3 hours:**
  - Review file and federal rules
- **January 3, 2022: 1.8 hours:**
  - Prep for Conover Deposition

Again, this deposition was never going forward and Plaintiff's Counsel was made aware well in advance. (Gallagher Decl. ¶ 28, Exs U-V.)

- **January 24, 2022: 0.4 hours:**
  - Review file re status of discovery
- **January 27, 2022: 1.0 hours:**
  - Review file in prep of M&C re Plaintiff's discovery responses and doc prod
- **February 2, 2022: 0.2 hours:**
  - Review file re status of case and trial document deadlines
- **February 4, 2022: 0.2 hours:**
  - Review file and trial document rules
- **February 7, 2022: 1.5 hours:**
  - **Review file and Fed 16-2 Rules**
- **February 22, 2022: 0.3 hours:**
  - Review file re Rule 16-2 Conference.  This was already billed by the same attorney on February 7, 2022.
- **February 24, 2022: 1.0 hours:**
  - Review file to prep for 16-2 conference
- **March 2, 2022: 0.1 hours:**
  - Review file and deadlines
- **March 16, 2022: 0.3 hours:**
  - Review file and court rules re MILs
- **March 17, 2022: 1.3 hours:**
  - Review file to prep for MILs M&C

**Anticipated Work**

- **3.0 hours ($1,800): review of MBUSA's Opposition to Motion for Attorney's Fees.**

16

As a preliminary matter, Plaintiff has yet to complete this task, and, as such, cannot recover fees for work that has not yet been completed. How can Plaintiff claim that Plaintiff is owed one thousand and eight hundred dollars to review a response that Plaintiff has yet to receive and that MBUSA has yet to even draft? The Act compensates only for time reasonably ***incurred;*** thus, Plaintiff cannot claim fees for anticipated work.

- **3.0 hours ($1,800): draft reply in support of Motion for Attorneys' fees.**

As a preliminary matter, Plaintiff have yet to complete this task, and, as such, cannot recover fees for work that has not yet been completed. How can Plaintiff claim that Plaintiff is owed one thousand and eight hundred dollars to respond to a reply that Plaintiff has yet to even review? The Act compensates only for time reasonably ***incurred;*** thus, Plaintiff cannot claim fees for anticipated work.

- **1.0 hours ($600): review file and prepare for hearing on Motion for Attorneys' fees.**

- Again, this has not yet occurred, and since the Act compensates only for time reasonably ***incurred;*** thus, Plaintiff cannot claim fees for this anticipated work.

- **1.0 hours ($600): attend hearing on Motion for Attorneys' fees.**

Again, this has not yet occurred, and since the Act compensates only for time reasonably ***incurred;*** thus, Plaintiff cannot claim fees for this anticipated work.

- **1.5 hours ($900) travel to and from hearing on Motion for Attorneys' fees.**

Again, this has not yet occurred, and since the Act compensates only for time reasonably ***incurred;*** thus, Plaintiff cannot claim fees for this anticipated work.

Cumulatively, the amount of bill padding is significant.

### iii.    Plaintiff's Counsel's Hourly Rates are Excessive and Unjustified and this Court Should Reduce Plaintiff's Inflated Fee Demand

Under the Song-Beverly Act, courts have unilateral discretion to reduce fees in any way they choose. *Mikaeilpoor v. BMW of North America, LLC*, 48 Cal.App.5th

240, 254 (2020). If the time expended or the charge are not reasonable under all circumstances, then the trial court must take that into account and award attorney's fees in a lesser amount. *See McKenzie v. Ford Motor Company,* 238 Cal.App.4th 695, 703 (2015); *see also Levy v. Toyota Motor Sales, U.S.A., Inc.,* 4 Cal.App.4th 807, 815-16 (prevailing party not necessarily entitled to all claimed attorneys' fees). A prevailing buyer in a lemon law case has the burden of "showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Nightingale v. Hyundai Motor America*, 31 Cal.App.4th 99, 152 (1994).

To determine what fees were "reasonably incurred," the Court is to employ the "lodestar" method of calculating fees. *Welch v. Metro. Life Ins. Co,* 480 F.3d 942, 945 (9th Cir. 2007). In such an evaluation, a court may consider: (1) the experience, reputation and ability of the attorney; (2) the outcome of the proceeding; (3) customary fees; and (4) the novelty or difficulty of the questions presented. *Hiken v. Dep't of Def.,* 836 F.3d 1037, 1044 (9th Cir. 2016). Courts "may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Ingram v. Oroudijan,* 647 F.3d 925, 928 (9th Cir. 2011). "A trial court may not rubber stamp a request for attorney fees, but must determine the number of hours reasonably expended." *Donahue v. Donahue,* 182 Cal.App.4th 259, 271 (2010). Further, "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses,* 24 Cal.4th 1122, 1132 (2001).

If a court determines that some hours billed are not reasonable, it may exclude them using one of two methods: the court may either conduct an "hour-by-hour analysis" of the fee request or make an "across the board percentage cut." *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1203 (9th Cir. 2013). As is evidenced from the ruling in *Mikhaeilpoor v. BMW of North America, LLC,* 48 Cal.App.5th 240 (2020), courts have become weary of the excessive fee demands sought in Song-Beverly

18

cases, and have been significantly slashing the amount of fees awarded. In *Mikhaeilpoor,* the Court upheld a 70% reduction of a fee request, reasoning that the plaintiff's inflated fee demand "was just not reasonable" for a vanilla Song-Beverly case. *Id.*, at 245.

As another example, in *Morris v. Hyundai,* 41 Cal.App.5th 24 (2019), the trial court properly decreased the requested fees by 60%. The Court determined that the numerous billers on a simple lemon law case was not appropriate and certainly not efficient. In that case, the plaintiff's counsel argued, as do Plaintiff's counsel here, that:

> [Plaintiff's] counsel were able to marshal their expertise and significant experience in lemon law cases to litigate Morris's case efficiently. However, Morris contended that Hyundai's obstreperous and aggressive positions in the litigation required extensive efforts by Morris's counsel … *Id.*, at 29.

The trial court was not swayed by this argument, and reduced the fee award to 40% of what was originally requested. *Id.*, at 34. On appeal, the court of appeals affirmed the fee award, ruling that a fee reduction was within the trial court's discretion as this was "a case that did not present complex or unique issues, did not involve discovery motions, and did not go to trial." *Id.*, at 37.  Cases such as this at most require a partner, an associate, and a single paralegal.  Yet, here Plaintiff's Counsel somehow involved a partner and five different associates.  A similar reduction of fees is appropriate for this case as in *Morris* which did not involve any novel or difficult issues and did not require trial preparation.  The entries for Erik Whitman, Otis Hayes, III, Anna Galaviz, and Elizabeth Quinn should be stricken. There is no reasonable basis for Plaintiff's counsel to demand over $50,000.00 in fees and costs and to unreasonably and unnecessarily overstaff the file to simply bill it up. This Court has the ability, and the responsibility, to curb the excessive and unwarranted fees demanded by Plaintiff's counsel in this case.

Here, Plaintiff's Counsel's claimed rates range from $290/hour to $600/hour

for principal David Barry. Five of the six attorneys that worked on this file claim to bill at $300 or more. These rates are not only unrealistic and astronomical, but there is also no evidence presented that Plaintiff's Counsel has actually billed their clients or any client at these rates. No client in their right mind would pay that amount of money for representation in a non-complex case, and certainly not in a simple lemon law case.

The astronomical rates reflect a trend of plaintiff's attorneys consistently/annually raising the bar. As demonstrated by Plaintiff's Counsel's citations to the billable "rates" of other plaintiff's Lemon Law attorneys, these plaintiff's attorneys collaborate to cultivate and advance the myth of the "$500/hour Lemon Law attorney." The Declaration of Hallen D. Rosner allegedly provides examples of Lemon Law cases where attorney's fees were granted and references a self-serving "survey" that was conducted of other <u>plaintiff</u> Lemon Law attorneys with the distinction of claiming some of the highest hourly rates in this field of law. No evidence is presented that these attorneys actually bill any clients at those rates (because they do not). Conspicuously absent is a mention of hourly rates *actually charged* by these attorneys in Lemon Law matters. Moreover, the descriptions do not provide any details about the respective cases cited including substantive discussions of special issues in the case, problems regarding discovery, the number of parties involved, and any other of a multitude of factors that the courts considered.

Defense firms typically charge approximately $200/hour in warranty defense litigation. (Gallagher Decl., ¶ 36.) This includes seasoned practitioners with as much as thirty years of trial experience. (*Id*.) This is what actual market economics dictate is a reasonable rate for "Lemon Law" lawyers with decades of experience. (*Id*.) Defense counsel's low rate reflects the highly competitive nature of the legal market, and saturation of attorneys in the area and is the only *real* example of the true market rate. (*Id.*)

This Court should adopt a <u>reasonable</u> rate for this type of litigation. Defendant

20

suggests a rate of between $200 and $250/hour for all of Plaintiff's attorneys who have multiple years of experience in consumer litigation.  In fact, in a similar case with different plaintiff's counsel, on October 18, 2021, the Honorable Carol Greene reduced all of Plaintiff's Counsel's hourly rates to $250 per hour in the matter of *Fernando Cervantes v. Hyundai Motor America*, Riverside Court Case No. RIC2000055. (Exs BB-CC.) The Court in *Quesada. V. FCA US LLC*, Los Angeles Case No.702487 held that the reasonable billing rate for plaintiff's counsel in that similar lemon law action was determined to be $225-350/hour. (Ex DD.) As explained above, the Court in *Luna v. FCA US LLC*, et al, Case No. 5:20-663 JGB (SHKx), C.D. Cal. Oct. 13, 2021), a case involving The Barry Law Firm, found that the reasonable billing rate for associates including is **$200** and Mr. Barry's rate was significantly reduced to **$475** an hour. (Ex DD.)

## B.    A Lodestar Multiplier is Unwarranted in this Case

Plaintiff is not entitled to a lodestar multiplier.  There was only paint by numbers lemon law "discovery" performed. In other words, this was the same kind of simple and straightforward lemon law case that plaintiffs' attorneys are filing hundreds of every year in this state.  Simply filing a lawsuit, and then performing run-of-the-mill discovery, does not, and should not, entitle a party to a multiplier. The primary factors for awarding a multiplier are (1) the novelty and difficulty of the litigation and questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment, and (4) the contingent nature of the fee award.  *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977). This is a simple, lemon law case, not complex business/securities litigation with countless nuanced legal theories at issue.  The sole issues are whether (1) the vehicle suffered from a defect that substantially impaired its use, value or safety and, (2) that defect repaired within a reasonable number of attempts.  Damages are simple to ascertain, as the statute provides the calculation.

Plaintiff's Counsel's conclusory claims that they are entitled to a multiplier

21

are also baseless. Unlike like in, say, personal injury cases, the plaintiff lemon law attorneys are not competing with their clients for recovery as the statute provides for their fees and it is therefore patently false to claim that Plaintiff's fees were ever in doubt. See *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1174 (1998) [holding that no lodestar multiplier warranted since the availability of statutory fees is evidence against lodestar multiplier and contingency alone does not merit a multiplier.].) These cases are simple and the work is copy-paste, making it neither complex, nor difficult. If anything, a negative multiplier should be applied as a result**.**

### C. Plaintiff's Costs and Expenses Should Be Reduced

MBUSA challenges Plaintiff's costs claimed on line 5 -Depositions. Specifically, MBUSA challenges the invoice for the deposition of Mike Conover in the amount of $824.36.   As described above, ***the deposition never occurred and Plaintiff's Counsel was informed of this weeks in advance***.  This deposition was never going forward.  Plaintiff's Counsel had already received objections to the subpoena and an email from Mr. Conover's attorney that the deposition was not proceeding several days earlier. Thus, Plaintiff's Counsel's own failure to cancel their scheduled court reporter is Counsel's own mistake and is not recoverable. (Gallagher Decl. ¶ 28, Exs U-V.) Based on the foregoing, this entry should be stricken Plaintiff's costs should be reduced by $824.36.

## 5.    DEFENDANT'S PROPOSAL FOR RULING ON PLAINTIFF'S MOTION

Defendant's adjustment to the inflated hourly rate and exaggerated time entries, the total amount of reasonable fees incurred are at most $18,225 with the cost and expenses to be litigated separately. (See Gallagher Decl., Ex. C). Courts are afforded significant "flexibility in evaluating the suitability of awarding costs in a particular case." *Escriba v. Foster Poultry Farms, Inc.,* 743 F.3d 1236, 1249 (9th Cir. 2014). District courts are split as to whether costs recoverable under Song-Beverly are governed by Fed. R. Civ. P. 54 or Cal. Civil Code section 1794. Compare

*e.g., Pollard v. FCA US LLC,* Case No. 8:17-cv-00591-JLS, 2020 WL 57270, *7 (C.D. Cal. Jan. 3, 2020) (finding that federal procedural law applies), with *e.g., Zargarian v. BMW of North America, LLC*, 442 F.Supp.3d 1216, 1231 (C.D. Cal. 2020) (courts have held that "the Song-Beverly Act's costs provision is substantive in nature, so costs should be awarded pursuant to Section 1794(d), rather than Rule 54").

Here, Plaintiff is not entitled to reimbursement for costs that are unclearly calculated or unsubstantiated under either Song-Beverly, or the Federal Rule of Civil Procedure 54. In summary, Defendant requests the following adjustments if any fees are to be awarded:

(a) The Court should reduce/strike time billed by Plaintiff's Counsel based on Exhibit C;

(b) Plaintiff's counsel should not be able to recover for any pre-litigation work;

(c) Plaintiff's Counsel's rates should be reduced to between $200 and $250/hour or less; and

(d) Plaintiff's counsel should not be compensated for bringing this Motion and any anticipated work related to same.

## 6. <u>CONCLUSION</u>

Based on the above, MBUSA requests that the Court deny this Motion in whole or in part because Plaintiff failed to meet her burden of establishing reasonably incurred fees, and reduce Plaintiff's requested award to no more than $18,225 and Plaintiff's costs should be reduced by $824.36.

Dated:  April 25, 2022          THETA LAW FIRM, LLP



_____
MEHGAN GALLAGHER
Attorney for Defendant Mercedes-Benz USA, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2022, I filed the foregoing document entitled **DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action

Dated: April 25, 2022          THETA LAW FIRM, LLP

_____

SOHEYL TAHSILDOOST

24