DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, JOSIE LOPEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIE LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, A Delaware Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:21-cv-04114-JFW-AGR<br><br>[Removed from Superior Court of California for the County of Los Angeles, Case No. 21STCV13695]<br><br>**PLAINTIFF JOSIE LOPEZ'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES; DECLARATION OF DAVID N. BARRY, ESQ.; DECLARATION OF ANDREW P. MATERA, ESQ.**<br><br>Date:     May 16, 2022<br>Time:    1:30 p.m.<br>Crtrm:   7A<br><br>Action Filed: April 9, 2021<br><br>*Assigned for all purposes to the Hon. John F. Walter in Courtroom 7A* |

## I. INTRODUCTION

Defendant MERCEDES-BENZ USA LLC's ("MBUSA" or "Defendant") Opposition to Plaintiff's Motion for Attorneys' Fees and Costs attempts to mislead

-1-

this Court by referring to decisions not involving Plaintiff's counsel. MBUSA makes no reference to Plaintiff's counsel's efforts to resolve the issue of fees and costs informally, in the hopes of avoiding this motion.

MBUSA's Opposition is almost completely devoid of any legal authority in support of its requested challenges to the fees of Plaintiff. While MBUSA refers to the number of hours spent on a given activity, MBUSA does not offer any evidence that this time was unreasonable or excessive, other than the personal opinion of its counsel, making reference to "formulaic pleadings and discovery" but failing to provide evidence. While there is no dispute that this Court has the authority to reduce the fees requested by Plaintiff, it is the burden of MBUSA to provide this Court with specific objections in support of MBUSA's challenges to the time requested. Finally, MBUSA challenges the hourly rates of Plaintiff's counsel by pointing to the hourly rates of defense counsel, billing on a non-contingent basis. Even more telling, there is no evidence of the hourly rates of these attorneys who have supposedly been practicing 30 years. (Gallagher declaration at Paragraph 36.).

## II. **MBUSA'S OPPOSITION IS LIMITED TO ITS SPECIFIC OBJECTIONS**

MBUSA has the burden of showing that the requested hours are unreasonable or unnecessary. *Gates v. Rowland* (9th Circuit 1994) 39F 3d 1439, 1449. Once a documented fee claim is submitted, the opposing party must state any objections to the hours claimed. The trial court may disallow claimed hours to which the opposing party objects. *See, Coalition for Los Angeles County Planning v Board of Supervisors* (1977) 76 CA3d 241, 251. Objections not raised may be waived. *See, Blum v Stenson* (1984) 465 US 886, 104 S Ct 1541; *Kern River Pub. Access Comm. v City of Bakersfield* (1985) 170 CA3d 1205, 1227; *U.S. v $28,000 in U.S. Currency* (9th Cir 2015) 802 F3d 1100, 1106; *Goodell v Ralph's Grocery Co.* (ED Cal 2002) 207 F Supp 2d 1124. However, if no objection is made, the trial court should not deny or reduce claimed fees without giving the fee claimant an

-2-

opportunity to cure any defect. *Gonzalez v Santa Clara Dep't of Soc. Servs.* (2017) 9 CA5th 162, 171.

Specific objections to particular hours are required; generalized objections that the hours are "excessive" or "unnecessary" may not suffice to rebut the fee claim (*Premier Med. Mgmt. Sys., Inc. v California Ins. Guar. Ass'n* (2008) 163 CA4th 550, 564):

> "In challenging attorney fees as excessive because too many hours of work are claimed, it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice. Failure to raise specific challenges in the trial court forfeits the claim on appeal."

See, also *Warren v KIA Motors Am., Inc.* (2018) 30 CA5th 24, 41 (specifying factors court must consider).

Generally speaking, hours are reasonable if they were "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v Eckerhart* (1983) 461 US 424, 431, 103 S Ct 1933. See also *Vargas v Howell* (9th Cir 2020) 949 F3d 1188, 1194, 1198 (fees may include time spent on "dead-ends" and unfiled motions); *Roberts v City & County of Honolulu* (9th Cir 2019) 938 F3d 1020, 1026 ("court should consider in light of the entire record whether a reasonable attorney with his client's interests in mind would have" performed the claimed work); *Irvine Unified Sch. Dist. v K.G.* (9th Cir 2017) 853 F3d 1087, 1095 (hours billed must be "truly the result of advocacy reasonably calculated to advance [the client's] interests"); *Moreno v City of Sacramento* (9th Cir 2008) 534 F3d 1106, 1111 ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have

-3-

been billed to a private client. … By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker"). Accordingly, this time should be reimbursed.

### III. PRELIGITATION ACTIVITIES ARE COMPENSABLE

MBUSA argues that time incurred determining whether Plaintiff had a meritorious claim is not compensable. An attorney's time spent on a case before the action is filed may be compensable, including time reasonably spent interviewing the client, investigating the facts and law, and preparing the initial pleadings. See, *e.g., Webb v Board of Educ.* (1985) 471 US 234, 105 S Ct 1923, noting that services performed before a lawsuit is formally begun are often performed "on the litigation," including drafting the initial pleadings and work associated with developing the theory of the case.

### VI. A REVIEW OF THE DISCOVERY PROPOUNDED IN THIS MATTER REVEALS IT WAS CASE SPECIFIC AND TAILORED TO THE REPAIR HISTORY OF THE SPECIFIC VHEICLE IN QUESTION

MBUSA claims that Plaintiff utilized "template discovery responses" in this matter similar to other matters and that a reduction is therefore warranted. However, a review of the discovery propounded in this matter reveals that it is unique to the repair history of the specific vehicle in question. Please see Exhibit 1.

### VI. THE HOURLY FEES OF PLAINTIFF'S COUNSEL ARE REASONABLE

MBUSA provides this court with no evidence that Plaintiff's counsels hourly rates should be reduced other than citing to two (2) non- precedential cases that did not involve The Barry Law Firm. To the contrary, The Barry Law Firm has provided this Court with competent evidence that the hourly rates are reasonable. A declaration of Plaintiff's counsel is sufficient evidence of the market rates charged in

-4-

the legal community, especially where no evidence is presented to the contrary. *Davis v. City of San Diego,* (2003) 106 Cal. App. 4th 893, 902-904; *Graciano v. Robinson Ford Sales, Inc.,* (2006) 144 Cal. App. 4th 140, 154; *MBNA America Bank, N.A. v. Gorman,* (2006) 147 Cal. App. 4th Supp. 1, 13.

Further, in *PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1096, the court affirmed a fee award based on the rate prevailing in the market where counsel's office was located (San Francisco), rather than where the case was litigated (Los Angeles). See also *Cordero-Sacks v. Housing Auth. of the City of Los Angeles* (2011) 200 Cal. 4th 1267, 1286, 134 CR3d 883 (citing forum rule and *PLCM*).

In fact, a review of Plaintiff's moving papers indicates that Plaintiff has met all of the factors to establish the reasonableness of the hourly rates sought, including other instances where courts have awarded Mr. Barry his pre-2022 hourly rate if $525 and his current hourly rate of $600 (including other Federal Courts), rates awarded to attorneys of comparable experience in other cases in the same market, as well as the survey of billing rates. *See, Center for Biological Diversity v. County of San Bernardino* (2010) 185 Cal. App. 4th 866, 900, (holding that relevant surveys of billing rates may be considered as evidence of market rates). As such, this Court should approve the hourly rates of The Barry Law Firm.

In fact, on April 26, 2022, the hourly rates of Plaintiff's counsel were awarded by the Honorable John Tomberlin in the matter *Chui, et al. v. Mercedes-Benz USA LLC,* San Bernardino Superior Court Case No. CIVDS2013094 against this Defendant's Counsel.

### VII. THE TIME REQUESTED FOR ATTORNEY MATERA IS ACCURATE

Upon review of the entries entered by Mr. Andrew Matera, Esq., an associate at The Barry Law Firm, Mr. Matera can confirm that the entries entered are true and correct. *See,* Declaration of Andrew P. Matera, Esq.

-5-

On January 3, 2022, Plaintiff's counsel, Andrew Matera, spent 1.8 hours reviewing this file and preparing to depose Mike Conover, an authorized dealership employee regarding the repair presentations of the Subject Vehicle. MBUSA's counsel, Ms. Gallagher, had previously informed Plaintiff's counsel that Mr. Conover was represented by outside counsel so despite MBUSA's objections to the deposition, it was not apparent that Mr. Conover and his counsel would not appear on January 6, 2022. On January 6, 2022, Plaintiff's counsel arrived at the deposition at approximately five minutes before the scheduled start time and spoke with the court reporter about the circumstances. After the witness and his counsel did not appear in the first thirty (30) minutes, Plaintiff's counsel took a certificate of non-appearance.

On October 5, 2021, Plaintiff's counsel reviewed an email correspondence from MBUSA's counsel, reviewed my calendar to determine my availability to telephonically meet and confer and reviewed the file to determine the content of this discussion, and then dictated a response to Jazmine Daniels, the paralegal Plaintiff's counsel works with. Plaintiff's counsel correctly billed .1 hours for this time spent.

On February 22, 2022, Plaintiff's counsel reviewed an email from MBUSA regarding its edits and objections to the special verdict forms and proposed jury instruction. Plaintiff's counsel reviewed MBUSA's email and its tracked changes, drafted related notes, reviewed local rules regarding jury instructions and special verdict forms, and asked Ms. Daniels to send a follow up email regarding Ms. Gallagher's availability for a Rule 16-2 Conference. Plaintiff's counsel spent .2 hours on this work.

On November 11, 2021, Plaintiff's counsel spent .5 hours reviewing supplemental discovery responses that were produced by MBUSA on November 4, 2021. Plaintiff's counsel's time entry for this mistakenly states that he reviewed supplemental document production instead of supplemental responses.

-6-

PLAINTIFF JOSIE LOPEZ'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES; DECLARATION OF DAVID N. BARRY, ESQ.; DECLARATION OF ANDREW P. MATERA, ESQ.

On June 28, 2021, Plaintiff's counsel briefly reviewed an email from MBUSA regarding Rule 26(f) conference, then performed a detailed review of FRCP 26(f), and reviewed the file on this matter regarding the applicable details. Almost all of Mr. Matera's litigation experience to this point took place in state Court, so this was done with close attention to detail.

## VIII. TIME SPENT DRAFTING AND LITIGATING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES IS RECOVERABLE

A prevailing party is entitled to fees for time spent preparing and litigating the fee application. *See, Serrano v Unruh (Serrano IV)* (1982) 32 Cal.App 3d 621. Therefore, MBUSA argument that Plaintiff should not be compensated for the fees associated with this motion is unsupported and contrary to case law.

## IX. CONCLUSION

As such, Plaintiff's Motion for Attorneys' Fees, Costs and Expenses should be granted in its entirety.

Date: May 2, 2022

THE BARRY LAW FIRM



By: _____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
JOSIE LOPEZ

PLAINTIFF JOSIE LOPEZ'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES; DECLARATION OF DAVID N. BARRY, ESQ.; DECLARATION OF ANDREW P. MATERA, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022 I filed the foregoing document entitled **PLAINTIFF JOSIE LOPEZ'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ David. N. Barry